WALTER A. WOOD & CO. vs. LEROY FINSON, and another.

Hancock.  Opinion January 18, 1897.

*Sales.  Agent.  Contract.*

Persons dealing with a merchant's traveling salesman have a right to presume that his agency is general touching the business he is engaged in.

If such agent sells goods upon terms not authorized by his principal he cannot reject the terms of sale and recover for goods sold.  He cannot enforce part of a contract and reject the remainder of it; nor can he recover upon an implied contract where there was an express one.

In such case the rights of the parties do arise from contract, but the goods remain the property of the vendor.

ON MOTION AND EXCEPTIONS BY DEFENDANTS.

This was an action of assumpsit on account annexed.  At the conclusion of the evidence the presiding justice ruled that the admissions and evidence did not establish a defense, and directed the jury to return a verdict for the plaintiff, which was done, and the defendant excepted.

The case appears in the opinion.

*H. E. Hamlin*, for plaintiff.

A traveling salesman is a man "whose business it was to solicit orders for the plaintiffs for their goods."  *Clark* v. *Murphy*, 164 Mass. 490–492.  Authority of an agent, who travels to solicit orders for a commercial house, does not embrace power to cancel his contracts and receive back goods shipped to and not satisfactory to a customer.  *Diversy* v. *Kellogg*, 44 Ill. 114, (92 Am. Dec. 154); *Clark* v. *Murphy*, supra.

*O. F. Fellows*, for defendants.

SITTING: PETERS, C. J., WALTON, HASKELL, WHITEHOUSE, STROUT, JJ.

HASKELL, J.  Assumpsit for the sale of burning oil, to be delivered free on board vessel in Boston.  Defense, that the contract of sale called for its insurance by the vendor, and that, from

failure to do so, the oil being lost at sea, the vendee lost its value; and also that, thereafterwards, the vendor agreed to replace the oil and did so by the delivery of other oil now sued for. Of course, the agreement to replace the oil need not avail, if the failure to insure does so.

Plaintiffs were merchants in Boston. Defendants, traders in Bucksport. One Carlow was the traveling salesman of the plaintiffs prior to April, 1894, and had repeatedly sold the defendants burning oil. One Emery succeeded Carlow and sold the oil now sued for. Defendants testify that they had instructed Carlow to always insure burning oil shipped to them by vessel. Emery sold the oil in suit, but did not insure it and it was lost on the voyage. The presiding justice instructed the jury that Carlow had no authority, as salesman, to contract for insurance of future sales not made by him.

Carlow had authority to sell goods, to fix the price and the terms of payment, when and where the goods should be delivered and by what carrier they should be sent. These powers were all incident to his authority to sell goods. They are all to be exercised by him for his principals, not for himself. Why, then, should he not bind them as to conditions of a continuous trade with their customer so long as they continued it? Defendants testify that Carlow promised to notify plaintiffs to insure the oil purchased by defendant, and that with the exception of once or twice plaintiffs did so and they paid the bill. Had Carlow remained in plaintiffs' employ, the condition of sale requiring insurance would have bound the plaintiffs. Carlow left their employ, but his customers remained, and plaintiffs continued to solicit their trade. Had they not a right to suppose that the same conditions of dealing obtained? They were not notified of any change. A new representative of the house visited them,—that was all. Their continued custom was sought and obtained. Why not under the existing terms? No good reason is plain. It is fair to assume that the old arrangement as to insurance was to continue, and we think it did. "Persons dealing with an agent have a right to presume that his agency is general and not limited, and

notice of the limited authority must be brought to their knowledge before they are to regard it." *Trainer* v. *Morison*, 78 Maine, 163; *Methuen Co.* v. *Hayes*, 33 Maine, 169.

The oil in the first item in the account sued was lost in transit, and the second item is a duplicate of it, furnished, as the defendants testify, on condition that no charge should be made for the goods lost. The presiding justice instructed the jury that, Emery, the plaintiffs' salesman, had no authority to sell the goods upon such terms. The goods, according to the defendant's testimony, were either sold upon such terms or not at all, and the case of *Billings* v. *Mason*, 80 Maine, 496, is directly in point. There, a salesman sold goods upon stipulation that certain like goods of the vendee should be taken in payment. To do this, he had no authority from his principals, but the court held the agreement valid. It says, "that he not only assumed the authority so to do, but did actually make such a contract." It further says the vendor "cannot hold him [the vendee] upon a contract he did not make, or repudiate the contract in part and hold the remainder valid." *Brigham* v. *Palmer*, 3 Allen, 450. "Nor can he be holden upon an implied contract, for that is excluded by the express." So here, the salesman seems to have sold the oil upon the surrender of defendant's claim for breach of the contract to insure. That sale was express. If that contract be invalid, then the law implies none, and the remedy is not assumpsit for goods sold.

These defenses should have been submitted to the jury, and it was error to direct a verdict for plaintiffs.

*Exceptions sustained.*